IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DANIEL D. DORNEANU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:21-cv-01142-DCN-MHC |
| ) | |
| GRACO INC. and GRACO MINNESOTA ) | **ORDER** |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

      This matter is before the court on plaintiff Daniel Dorneanu's ("Dorneanu") motion to reconsider, ECF No. 66, requesting that the court reconsider its order transferring the case to the United States District Court for the District of Minnesota, ECF No. 63.

      On September 8, 2022, the court adopted Magistrate Judge Molly H. Cherry's report and recommendation ("R&R"), granted defendants Graco Inc. ("Graco") and Graco Minnesota Inc.'s ("Graco Minnesota") (together, "defendants") motion to dismiss, ECF No. 39, and transferred the case to the District of Minnesota. Id.

      As a preliminary matter, Dorneanu's motion is not properly before this court. "[T]he transferring court cannot reconsider its decision to transfer after the transfer takes place; instead, the party opposing transfer 'must apply to the transferee court for retransfer.'" See Hamilton v. Geithner, 2009 WL 1683298, at *2 (E.D. Va. June 15, 2009) (quoting 1A Federal Procedure, L.Ed. § 1:896). If Dorneanu believes this court has erred, he must file a motion with the District of Minnesota, where this matter is now pending, to retransfer the case to this forum.

1

Even if the court were to consider the merits of Dorneanu's motion to reconsider, the court would deny the motion. When considering Rule 54(b) motions for reconsideration of an interlocutory order, "district courts in the Fourth Circuit . . . look to the standards of motions under Rule 59 for guidance." Ashmore v. Williams, 2017 WL 24255, at *2 (D.S.C. Jan. 3, 2017) (citations omitted). Therefore, Rule 54(b) reconsideration is appropriate "(1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." Id. (citation omitted); Carlson v. Bos. Sci. Corp., 856 F.3d 320, 324 (4th Cir. 2017). Like a Rule 59(e) motion, a Rule 54(b) motion "may not be used merely to reiterate arguments previously rejected by the court." Sanders v. Lowe's Home Ctrs., LLC, 2016 WL 5920840, at *4 (D.S.C. Oct. 11, 2016) (citation omitted).

Dorneanu argues that the court erred by improperly considering defendants' response brief, by failing to take note of Dorneanu's reply brief, and by failing to consider Dorneanu's objections to the R&R. After reviewing the briefing submitted by Dorneanu and the applicable law, the court finds that reconsideration of its earlier decision would be inappropriate. The court's findings that (1) the District of Minnesota is the proper venue for Dorneanu's patent infringement claims under 28 U.S.C. § 1400(b), and (2) the District of Minnesota is a proper venue for Dorneanu's non-patent claims under 28 U.S.C. § 1391(b) did not amount to clear error or work any manifest injustice.

For the foregoing reasons, the court **DENIES** the motion for reconsideration.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**November 10, 2022
Charleston, South Carolina**